# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEWAN PURI,
       *Petitioner-Appellant,*

v.

ALBERTO R. GONZALES, Attorney
General; MICHAEL CHERTOFF,
Secretary of Homeland Security;
A. NEIL CLARK, DEPARTMENT OF
HOMELAND SECURITY
IMMIGRATION AND CUSTOMS
ENFORCEMENT Seattle Field Office
Director,
       *Respondents-Appellees.*

No. 05-36182

D.C. No.
CV 05-01361 TSZ

OPINION

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted
June 7, 2006—Seattle, Washington

Filed September 28, 2006

Before: David R. Thompson, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Tashima

17103

## COUNSEL

Daniel M. Kowalski, Austin, Texas, for the petitioner-appellant.

Christopher L. Pickrell, Assistant United States Attorney, Seattle, Washington, for the respondents-appellees.

## OPINION

TASHIMA, Circuit Judge:

Dewan Puri ("Puri"), a native and citizen of India, filed a petition for a writ of habeas corpus (his second) in the district court, challenging a January 15, 1997, order of deportation, which ordered Puri deported to India. The district court dismissed Puri's petition for lack of jurisdiction pursuant to the REAL ID Act and Puri filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm. We review *de novo* a district court's decision to dismiss a habeas corpus petition for lack of subject matter jurisdiction. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002).

## I. PROCEDURAL HISTORY

Puri lawfully entered the United States with an immigrant visa in 1984. He is married to a United States citizen and has two United States citizen children. Following convictions for child molestation and indecent liberties,[1] Puri was placed in

---

[1]Puri pleaded guilty to one count of child molestation in 1990, and one count of indecent liberties in 1991.

deportation proceedings before an immigration judge ("IJ") and ordered deported to India. After a complicated series of appeals and procedural rulings, Puri was ultimately granted a waiver of deportation pursuant to § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996). The government appealed that decision to the Board of Immigration Appeals ("BIA"), which reversed the IJ's grant of § 212(c) relief and reinstated Puri's deportation order.

Puri then filed his first habeas petition, challenging his order of deportation as invalid because it was issued by the BIA, and not an IJ. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874 (9th Cir. 2003) (holding that an IJ may order an alien deported or removed, but the BIA may not, because "it is the IJs who are to issue administrative orders of removal in the first instance"). The government agreed and moved to remand Puri's proceedings back to the Immigration Court so that the IJ could issue the deportation order, as required by *Noriega-Lopez*. On remand, the IJ issued a ministerial order for Puri's deportation to India. Puri then filed a motion for reconsideration, raising new evidence of rehabilitation in the form of a psychological evaluation, which was denied by the IJ. Puri appealed the denial of reconsideration to the BIA, which denied relief.

Puri filed the instant second habeas petition on August 4, 2005. In it, he alleges that: (1) the BIA violated his due process rights when it reversed the IJ's grant of § 212(c) relief; (2) the REAL ID Act violates the Suspension Clause because it strips the district court of jurisdiction to entertain Puri's habeas petition and fails to provide an adequate substitute through the court of appeals; and, in the alternative, (3) the district court should have transferred his habeas petition to this court pursuant to 28 U.S.C. § 1631. On August 8, 2005, Puri also filed a petition for review of the order of deportation and a motion for stay of deportation with this court, raising the same arguments as in his second habeas petition.[2] *See Puri v. Gonzales*, No. 05-74615 (9th Cir. 2005).

---

[2]On February 24, 2006, after full briefing, that petition for review was dismissed for lack of jurisdiction because it was not filed within the 30-day period required by INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).

The government moved to dismiss Puri's second habeas petition on the ground that the district court lacked jurisdiction pursuant to the then recently-enacted REAL ID Act. The district court agreed and dismissed the petition with prejudice on December 12, 2005. It did not rule on Puri's transfer request under § 1631.

## II.  DISCUSSION

### A.  The REAL ID Act

[1] The REAL ID Act, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (May 11, 2005), which became effective on May 11, 2005, eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). As amended by § 106(a) of the REAL ID Act, § 1252(a)(5) now provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5).

[2] Thus, when Puri filed the instant habeas petition, on August 4, 2005 — almost three months after the effective date of the REAL ID Act — the district court was without jurisdiction to entertain it. In fact, as explained above, after May 11, 2005, the only means for judicial review of Puri's removal order was a petition for review in this court. *See Medellin-*

*Reyes v. Gonzales*, 435 F.3d 721, 723-24 (7th Cir. 2006) ("Collateral proceedings filed on or after May 11, [2005,] however, will be dismissed outright; the window for belated judicial review has closed."). Accordingly, we conclude that the district court did not err in dismissing Puri's habeas petition for lack of jurisdiction.

## B.  The Suspension Clause

Puri also brings a direct constitutional challenge to the REAL ID Act, arguing that it violates the Suspension Clause because it strips the district court of habeas corpus jurisdiction without providing an adequate substitute through the court of appeals. The district court adopted the magistrate judge's report and recommendation and concluded that it lacked jurisdiction over the Suspension Clause claim because Puri could "obtain constitutionally adequate review of his claims through his pending petition for review with the Ninth Circuit Court of Appeals." We read the REAL ID Act's jurisdiction-stripping provisions more narrowly than did the district court and conclude that it does not apply to Puri's Suspension Clause claim because that claim is not a direct challenge to an order of removal. Nonetheless, we agree with the district court's ultimate conclusion that this claim must fail because Congress has provided an adequate substitute for habeas proceedings.

**[3]** "The scope of habeas review extends to both constitutional and statutory questions." *Magana-Pizano v. INS*, 200 F.3d 603, 609 (9th Cir. 1999); *see also* 28 U.S.C. § 2241(c)(3). The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2. The Supreme Court has held, however, that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v.*

*Pressley*, 430 U.S. 372, 381 (1977). The Court has also instructed that if a substitute remedy provides the same scope of review as a habeas remedy, it is adequate and effective. *Id.* at 381-82; *INS v. St. Cyr*, 533 U.S. 289, 314 n.38 (2001) ("Congress could, without raising any constitutional questions, provide an adequate substitute through the courts of appeals.").

Puri contends that § 106(a)(1)(B)(5) provides an inadequate substitute because a court of appeals is not allowed to consider new evidence, whereas a district court may order an evidentiary hearing. Specifically, Puri argues that 28 U.S.C. § 2243 allows an alien to proffer evidence at an evidentiary hearing, thus enabling the judge to make factual findings, while § 106(a)(1)(B)(5) restricts the court to "decide the petition only on the administrative record on which the order of removal is based." *See* 8 U.S.C. § 1252(b)(4)(A).

**[4]** Here, Puri contends in his habeas petition that the BIA violated his due process rights by ignoring its own precedents and by failing to consider additional evidence regarding his rehabilitation.[3] We hold that the Suspension Clause is not violated by judicial review by this court of Puri's constitutional challenges to his removal order because the Suspension Clause does not demand an evidentiary hearing before an Article III court in lieu of judicial review of the administrative proceeding. The agency is the fact-finding body and this court's review of the administrative proceeding is an adequate substitute for district court habeas corpus jurisdiction. *See St. Cyr*, 533 U.S. at 314 n.38.

Moreover, as the First Circuit has held, where, as here, an underlying case presents only pure questions of law, review by a court of appeals provides an adequate substitute because

---

[3]We note that we need not decide the merits of Puri's underlying claims, but need only determine whether an adequate review of such claims would require additional fact-finding.

it "encompasses at least the same review and the same relief [to a petitioner] as were available under prior habeas law." *Enwonwu v. Gonzales*, 438 F.3d 22, 33 (1st Cir. 2006) (citing *St. Cyr*, 533 U.S. at 314 n.38).

## C.   Transfer under § 1631

Finally, Puri argues that the district court erred by not acting on his alternative request that his habeas petition be transferred to this court "in the interest of justice," pursuant to 28 U.S.C. § 1631. In dismissing Puri's habeas petition, the district court did not address his alternative transfer request made under § 1631. Where a district court does not weigh whether it is in the interest of justice to transfer a petition, but instead simply dismisses the action for want of jurisdiction, we review *de novo* whether the petition should have been transferred. *See Kolek v. Engen*, 869 F.2d 1281, 1283-84 (9th Cir. 1989); *Harris v. McCauley (In re McCauley)*, 814 F.2d 1350, 1351-52 (9th Cir. 1987).

**[5]** Section 1631 provides that, in a civil action, if there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."**[4]** 28 U.S.C. § 1631. An immigration

---

**[4]**The statute provides in its entirety:

   Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

case is "transferable" when the following three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice. *Chaves Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001); *Rodriguez-Roman v. INS*, 98 F.3d 416, 424 (9th Cir. 1996). The only issue here is the third factor — whether the transfer would be "in the interest of justice."

**[6]** We conclude that this case is not the type of case that merits a § 1631 transfer in the "interest of justice." Puri was aware of the proper procedure for review, as evidenced by the fact that he also filed a petition for review with this court. Thus, this case is unlike the usual case in which we have found a transfer to be in the interest of justice because the litigant was unaware of or confused about the proper forum in which to file his action. *See, e.g.*, *Kolek*, 869 F.2d at 1284 (holding that transfer of improperly filed petition to court of appeals was "in the interests of justice" because petitioner's "errant filing was caused in part by his pro se status, lack of fluency in English, and inability to access legal research materials in prison"); *Paul v. INS*, 348 F.3d 43, 47 (2d Cir. 2003) (concluding that transfer of petition to court of appeals was in the interest of justice because § 1631 was intended to aid litigants who were confused as to the proper forum for review and "there [was] no evidence in this case that [petitioner] filed with the district court in bad faith").

**[7]** Here, within a few days of filing his habeas petition, Puri, as noted earlier, filed a petition for review in this court. In fact, the magistrate judge expressly noted in her report and recommendation that Puri had a "pending petition for review" in this court. That fact was reason enough not to grant a transfer of this action. It is true that that petition for review was subsequently dismissed. Thus, it appears that the real reason that Puri requests a § 1631 transfer of this action is so that he can circumvent our earlier order of dismissal. We do not

believe, however, that a § 1631 transfer was intended to serve such a function. We thus conclude that the "interest of justice" would not be served by transferring Puri's petition. Further, because all of the considerations relevant to this determination are within our plain view, *see In re McCauley*, 814 F.2d at 1352 (declining to remand because "it appears from the record that all the considerations relevant to 'the interest of justice' are within our plain view"), we deny Puri's § 1631 transfer request.

## III.   CONCLUSION

For the foregoing reasons, the district court's dismissal of Puri's petition for a writ of habeas corpus and its implicit denial of his § 1631 transfer request are **AFFIRMED.**