Rosemary May OKERE; A O, Male Minor Child, Petitioners–Appellants,

v.

Alberto R. GONZALES, Attorney General, As Attorney General of the United States; Michael Chertoff, As Secretary of the U.S. Department of Homeland Security; A. Neil Clark, Field Office Director, Seattle ICE Detention and Removal Office, United States Department of Homeland Security, Respondents–Appellees.

No. 06–35710.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed April 26, 2007.

Thomas Osborne Youngjohn, Esq., Federal Way, WA, for Petitioners–Appellants.

Helen J. Brunner, Esq., Darwin P. Roberts, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM **

Rosemary May Okere, on behalf of herself and her minor son,[1] appeals the district court's denial of her petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, seeking release from immigration detention. We affirm in part and dismiss in part.

▮▮▮ We agree with the district court that it lacked jurisdiction over Okere's challenge to the order of removal under 8 U.S.C. § 1252.[2] *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir.2006) (holding that the REAL ID Act of 2005 stripped the district courts of habeas jurisdiction over orders of removal and vested it in the courts of appeals); *see also* 8 U.S.C. § 1252(a)(5) (stating that "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal"). Despite trying to frame her claim otherwise, Okere necessarily challenges the Board of Immigration Appeals' ("BIA") March 10, 2005, final order, because that order is the reason for her detention. We do not have jurisdiction to review her challenge to the orders of the BIA or to the findings made by the Immigration Judge in her removal proceedings because those proceedings were held in Texas; thus, the United States Court of Appeals for the Fifth Circuit is the only court with jurisdiction to entertain her petition for review. *See* 8 U.S.C. § 1252(b)(2).

▮▮ As to Okere's challenge to her detention, she has failed to develop her argument in her brief and, as in the district court, she has failed to point to any evidence in the record demonstrating that her medical condition at the time this petition was filed rendered her detention illegal. She merely states in her brief that, because the custody review was hurried, "some pertinent facts were not recorded," and she names her medical condition. Okere accordingly has waived her arguments regarding her right to release based on medical condition at that time. *See* Fed. R.App. P. 28(a)(9) (requiring an appellant's argument to contain the reasons for the appellant's contentions, "with citations to the authorities and parts of the record on which the appellant relies"); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.2003) (stating that a bare assertion of an argument does not preserve the claim); *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

The district court correctly concluded that under the REAL ID Act it lacked jurisdiction over Okere's habeas petition, which challenged her removal order. Because we also lack of jurisdiction to review that order, we dismiss that part of Okere's appeal challenging the order of removal. Finally, because the argument has been

---

** This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Cir. R. 36–3.

1. For convenience, we will refer to Okere in the singular, although the habeas petition and the immigration proceedings involve both Okere and her son.

2. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

waived, we affirm the district court's denial of her challenge to her detention based on the conditions as of the time she filed the instant habeas petition.

**AFFIRMED in part, and DISMISSED in part.**