**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR HUGO CISNEROS NEGRETE;
ROCIO HERMINIA GUTIERREZ-
GARCIA,
   *Petitioners-Appellants,*

v.

ERIC H. HOLDER, JR., Attorney
General; JANET NAPOLITANO*,
Secretary of Homeland Security;
NANCY ALCANTAR, Field Office
Director, San Francisco California
District Office of the U.S.
Immigration and Customs
Enforcement; JEFF TIPTON, Special
Officer in Charge of the
Sacramento, California sub-office
of the U.S. Immigration and
Customs Enforcement,
   *Respondents-Appellees.*

No. 08-15543

D.C. No.
2:06-CV-02713-
MCE-GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 9, 2009**
San Francisco, California

Filed May 12, 2009

*Janet Napolitano has been substituted for her predecessor, Michael
Chertoff, as Secretary of Homeland Security. *See* Fed. R. App. P. 43(c)(2).

**The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. Margaret McKeown and Sandra S. Ikuta, Circuit Judges, and Frederic Block,\*\*\* District Judge.

Per Curiam Opinion

---

\*\*\*The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## COUNSEL

Steven P. Brazelton, Reno, Nevada for the petitioners.

Audrey B. Hemesath, Assistant United States Attorney, Sacramento, California, for the respondent.

## OPINION

PER CURIAM:

Victor Hugo Cisneros Negrete and Rocio Herminia Gutierrez Garcia ("the Cisneroses") appeal from the district court's dismissal for lack of jurisdiction of their habeas petition challenging the Board of Immigration Appeals' ("BIA") denial of their motion to reopen their immigration proceedings. Both petitioners are Mexican citizens who entered the United States without inspection in 1989 and have lived here since. Their youngest child, Herbert, was born in the United States and is therefore a United States citizen. In removal proceedings, the Cisneroses applied for cancellation of removal under the Immigration and Nationality Act, 8 U.S.C. § 1229b(1)(D), arguing that removal would result in exceptional and extremely unusual hardship to Herbert. The Immigration Judge ("IJ") rejected this claim. The BIA affirmed the IJ's decision.

After the BIA's decision, Herbert was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). The Cisneroses moved to reopen their case before the BIA, citing *In re Monreal*, 23 I&N Dec. 56, 63 (BIA 2001), which held that a citizen child with "compelling needs in school" met the exceptional and extremely unusual hardship standard justifying cancellation of removal. The BIA denied the motion, ruling that the Cisneroses had not shown new evidence that established a prima facie case of exceptional and extremely

unusual hardship because they did not show that Herbert's ADHD was "so severe that it would cause significant problems at home or at school" or that treatment for ADHD was unavailable in Mexico.

The Cisneroses then filed a habeas petition in district court, claiming that the BIA violated their due process rights by failing to follow its own precedent in rejecting their claim. They argued that because the court of appeals lacks jurisdiction over direct appeals of denials of motions to reopen under *Fernandez v. Gonzales*, 439 F.3d 592, 603-04 (9th Cir. 2006), the Suspension Clause dictates that the district court must have habeas jurisdiction over their claims despite the jurisdiction stripping provisions of the REAL ID Act, 8 U.S.C. § 1252(a)(2)(B)(i). This argument misreads our precedent.

**[1]** In *Fernandez* we held that we lack jurisdiction over claims that the BIA abused its discretion in denying motions to reopen cancellation of removal proceedings based on hardship. 439 F.3d at 600. "[W]here the question presented [by a motion to reopen or reconsider] is essentially the same discretionary issue originally decided" by the BIA, we cannot review the decision because 8 U.S.C. § 1252(a)(2)(B)(i) bars jurisdiction. *Id.* A BIA ruling denying a motion to reopen because there is no prima facie case for relief under the hardship exception is such an instance of discretion. *Id.*[1]

**[2]** In *Fernandez*, however, we reached the merits of due process claims stemming from the same discretionary denial. *Id.* at 603-04. To the extent the Cisneroses had colorable constitutional claims, we would have jurisdiction to adjudicate them under *Fernandez*. *Id.*[2] Because direct appeal was avail-

---

[1]Significantly, we do have jurisdiction to review cases "[w]here the relief sought is formally the same as was previously denied but the evidence submitted with a motion to reopen is directed at a different basis for providing the same relief, [because] the circumstances can take the matter out of the realm of § 1252(a)(2)(b)(i)." *Id.* at 601.

[2]Although the Cisneroses' counsel argued before this court that *Fernandez* precluded federal appellate jurisdiction over their constitutional

able in this court, no Suspension Clause problem arises from the district court's lack of jurisdiction under the REAL ID Act. *See Puri v. Gonzales*, 464 F.3d 1038, 1042 (9th Cir. 2006) (holding that there is no right to habeas review of administrative evidentiary determinations before a district court where direct review of the administrative proceedings is available in the appellate courts). The Suspension Clause does not require habeas review; rather it requires that an adequate and effective "collateral remedy" be available to a petitioner. *See id.* at 1041-42 (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). Where a "substitute remedy provides the same scope of review as a habeas remedy, it is adequate and effective" for constitutional purposes. *Puri*, 464 F.3d at 1042 (citing *INS v. St. Cyr*, 533 U.S. 289, 314 n.38 (2001)). A direct appeal for constitutional claims is such an "adequate and effective" remedy. *Puri*, 464 F.3d at 1042.

[3] Although we have jurisdiction over colorable constitutional claims relating to discretionary denials of motions to reopen, we lack jurisdiction if the due process claim is merely an abuse of discretion claim re-packaged as a constitutional claim. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). A "petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *accord Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). The fact that neither this court nor the district court has jurisdiction to hear such discretionary claims does not present a Suspension Clause problem because review of discretionary determinations was not traditionally available in habeas proceedings. *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir. 2007).

claims, he acknowledged in the district court that he had simply misread *Fernandez* and conceded that this court was the proper place to raise the due process claim.

The Cisneroses also argue that because *Fernandez* is in conflict with *Ramadan*, and because they filed their habeas petition during the time period between the two decisions, we should equitably toll the filing period to allow them to file a direct appeal in this court. This argument is unavailing because *Ramadan* is not in tension with *Fernandez*. *Ramadan* did not change the legal landscape as to either constitutional claims (which could already be filed in this court under *Fernandez*) or as to non-constitutional challenges to the BIA's discretionary denials of motions to reopen (which still cannot be appealed to our court after *Ramadan*). *See Ramadan*, 479 F.3d at 654 (holding that the REAL ID Act "does not restore jurisdiction over discretionary determinations"); *see also Mendez-Castro*, 552 F.3d at 980-81 (holding that *Ramadan* is inapplicable to the " 'exceptional and extremely unusual hardship' standard" because it is "subjective" unlike the " 'changed circumstances' standard" at issue in *Ramadan*).

**AFFIRMED.**