
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO BARRAGAN-CAMPOS,<br><br>Petitioner–Appellee,<br><br>vs.<br><br>JANET NAPOLITANO et al.,<br><br>Respondents–Appellees. | No. 07-15407<br><br>D.C. No. CV-06-07057-CRN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted July 15, 2010
San Francisco, California

Before: BYBEE and TALLMAN, Circuit Judges, and BURGESS, District Judge.[**]

Rogelio Barragan-Campos ("Barragan-Campos") appeals the district court's order dismissing his petition for a writ of habeas corpus or, alternatively, a writ of mandamus. Barragan-Campos seeks to challenge the reinstatement of his 1989 deportation order and obtain review of Immigration Judge Marilyn J. Teeter's order terminating his removal proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Burgess, District Judge for the District of Alaska, sitting by designation.

We conclude that the district court correctly held that the REAL ID Act of 2005 divested district courts of habeas corpus jurisdiction to hear challenges to final orders of removal, including the reinstatement of deportation orders. 8 U.S.C. § 1252(b)(9). However, we also hold that the district court possessed jurisdiction to review Barragan-Campos's direct constitutional challenge to the REAL ID Act—that the Act deprives the district court of habeas corpus jurisdiction without providing an adequate substitute in the court of appeals. *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006). Despite the district court's error, we uphold the district court's dismissal since we have expressly repudiated Barragan-Campos's constitutional claim. *Id.* (in enacting the REAL ID Act, "Congress . . . provided an adequate substitute for habeas proceedings"); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 n. 4 (9th Cir. 2000) ("[W]e may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court.").

Additionally, the district court did not err in concluding that it lacked jurisdiction to review the Immigration Judge's decision to terminate removal proceedings. The court correctly determined that it could not review the Immigration Judge's termination decision until Barragan-Campos exhausted his administrative remedies with the BIA. The fact that the BIA has since affirmed the Immigration Judge's termination order does not mean that the district court erred, nor does it vest us with jurisdiction over this order.

**AFFIRMED.**