**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATISH SHETTY,

                Petitioner - Appellant,

    v.

ERIC H. HOLDER, Jr., Attorney General;
et al.,

                Respondents - Appellees.

No. 11-56549

D.C. No. 8:10-cv-01559-CAS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Satish Shetty, a native and citizen of India, petitions pro se for review of the

district court's orders dismissing his 28 U.S.C. § 2241 habeas corpus petition, and

denying his motion to reconsider. Our jurisdiction is governed by 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 1291 and 2253(a). We review de novo a district court's decision to dismiss a 28 U.S.C. § 2241 habeas petition, *Puri v. Gonzales*, 464 F.3d 1038, 1040 (9th Cir. 2006), and review for abuse of discretion a district court's denial of a motion for reconsideration, *Benson v. JPMorgan Chase Bank*, N.A., 673 F.3d 1207, 1211 (9th Cir. 2012). We affirm the district court's orders.

The district court correctly dismissed Shetty's petition for habeas relief as moot after he was released from custody and his removal proceedings were terminated, as these were the primary forms of relief he sought in his habeas petition. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (petition for habeas deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition).

The district court properly denied Shetty's request to adjust his status pursuant to an immigration judge's grant of such relief in the terminated removal proceedings, where his adjustment application was pending before the United States Citizenship and Immigration Services, and he had not yet exhausted his administrative remedies. *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) ("the general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts").

Petitioner's remaining contentions are unavailing.

**AFFIRMED.**