**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SHANE AARON ABBOTT,
*Petitioner-Appellant*,

v.

FEDERAL BUREAU OF PRISONS; J.E.
THOMAS, Warden,
*Respondents-Appellees*.

No. 12-35801

D.C. No.
3:11-cv-01047-
MO

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted
August 26, 2014—Seattle, Washington

Filed October 27, 2014

Before: Kim McLane Wardlaw, Ronald M. Gould,
and Morgan Christen, Circuit Judges.

Opinion by Judge Gould

# SUMMARY[*]

## Habeas Corpus

The panel dismissed renewed claims, and, as to new contentions raised after the district court's decision on limited remand, reversed the district court and remanded a case in which Shane Abbott filed a petition for a writ of habeas corpus seeking to compel the Bureau of Prisons (BOP) to allow him into the Residential Drug Abuse Program (RDAP).

The panel held that Abbott's claims regarding the legality of the BOP's 2009 RDAP rule are rendered moot by the BOP's intervening decision to admit him to the RDAP.

Because Abbott made a categorical challenge to the BOP's interpretation of its own regulation, which is not foreclosed from review, the panel held that the district court erred when it held, on limited remand, that it lacked jurisdiction to review Abbott's challenge to his denial of eligibility to receive RDAP's early release incentive of a sentence reduction.

The panel held that the BOP's determination that a Montana unlawful restraint conviction was equivalent to "kidnaping" under 28 U.S.C. § 550.55(b)(4), barring eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), is invalid. The panel explained that the Montana unlawful restraint elements are not equivalent to kidnaping, and that the BOP's conflation of the two was arbitrary and capricious.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel remanded for the district court to consider whether modification of Abbott's term of supervised release is now appropriate in light of the BOP's prior unlawful denial of Abbott's eligibility for sentence reduction.

## COUNSEL

Stephen R. Sady (argued), Chief Deputy Federal Public Defender, Portland Oregon, for Petitioner-Appellant.

S. Amanda Marshall, United States Attorney, Kelly A. Zusman, Appellate Chief, Natalie K. Wight (argued), Assistant United States Attorney, Portland, Oregon, for Respondents-Appellees.

## OPINION

GOULD, Circuit Judge:

In 2011, Petitioner Shane Abbott ("Abbott") sought acceptance into the Residential Drug Abuse Program ("RDAP") run by the Bureau of Prisons ("BOP") and was denied, based on a 2009 BOP rule that precluded prisoners with outstanding warrants from RDAP eligibility. He filed a petition for a writ of habeas corpus seeking to compel the BOP to allow him into RDAP, which was denied by the district court. He appealed that decision in 2012.

While Abbott's 2012 appeal was pending, the BOP changed its mind about proper procedure and changed its course. The BOP discovered internal guidance that, along with the quashing of one of Abbott's warrants, resulted in a

new review pursuant to which the BOP determined that Abbott was eligible to participate in RDAP.  But the BOP also concluded that Abbott was not eligible to receive RDAP's early release incentive of a sentence reduction, because of his prior Montana conviction for unlawful restraint.  The BOP determined that the Montana unlawful restraint conviction was equivalent to "kidnaping," barring his eligibility under 28 C.F.R. § 550.55(b)(4).

We remanded this case to the district court for the limited purpose of determining Abbott's eligibility for RDAP's sentence reduction.  Upon remand, the district court held that it lacked jurisdiction to review Abbott's challenge to his denial of eligibility for sentence reduction on the ground that the BOP's decision was an individualized early release determination, as opposed to a categorical challenge.

Abbott now appeals that decision, renewing the arguments presented in his original habeas petition and raising two additional contentions: 1) that the district court erred in holding that it lacked jurisdiction; and 2) that the BOP's interpretation of 28 C.F.R. § 550.55(b)(4) to preclude his eligibility for a sentence reduction was arbitrary and capricious.

The claims presented in Abbott's initial habeas petition regarding the legality of the BOP's 2009 RDAP eligibility rule, renewed in this appeal, are rendered moot by the BOP's decision to admit him to the RDAP program.  Abbott has received all the relief sought in his original petition: RDAP participation, eligibility for placement in a halfway house program, and consideration for early release.  Although he was unsuccessful in getting a sentence reduction, he was accepted as a participant in RDAP and was not precluded

from *consideration* of such eligibility. Abbott retains no "legally cognizable interest for which the courts can grant a remedy." *Alaska Ctr. for the Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999). Therefore, Abbott's initial and renewed appeal as to the BOP's 2009 RDAP eligibility rule is dismissed as moot.

Turning to Abbott's appeal of the district court's decision on limited remand, the court erred when it held that it lacked jurisdiction to review Abbott's challenge. It is true that the BOP has broad, unreviewable discretion over individualized decisions regarding RDAP eligibility. *See Reeb v. Thomas*, 636 F.3d 1224, 1227–28 (9th Cir. 2011). But here Abbott makes a categorical challenge to the BOP's interpretation of its own regulation, which is not foreclosed from review. *Cf. Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011) ("These petitions allege that the 'BOP action is contrary to . . . its statutory authority.' Therefore, the petitions are within [our] jurisdiction." (citation omitted)).

We next and finally address whether Abbott's prior conviction for unlawful restraint, as codified in Montana Code Annotated § 45-5-301, is equivalent to kidnaping under 28 C.F.R. § 550.55(b)(4). We conclude that the Montana unlawful restraint elements are not equivalent to kidnaping. The BOP's conflation of the two was arbitrary and capricious. We have previously explained that the offenses listed in 28 C.F.R. § 550.55(b)(4) (homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, and sexual abuse offenses committed on minors) are an appropriate bar to early release because their commission "rationally reflects the view that such inmates displayed readiness to endanger the public." *Peck v. Thomas*, 697 F.3d 767, 773 (9th Cir. 2012). Montana law, however, does not view unlawful restraint similarly,

describing the offense as "the lowest form of interference with the liberty of another." Mont. Code Ann. § 45-5-301 (Annotator's Note to § 45-5-301). Further, unlawful restraint is a *lesser included* offense of kidnapping under Montana law. *See State v. Brummer*, 287 Mont. 168, 177 (1998). The BOP has not shown a reasonable basis to extend a regulation involving a set of serious and violent crimes, all of which show "readiness to endanger the public," *Peck*, 697 F.3d at 773, to unlawful restraint in violation of Montana law, which we consider to be a crime less serious and less violent than those listed. We hold that the BOP's interpretive action is invalid. *See Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008).

We conclude that Abbott was eligible for early release under 18 U.S.C. § 3621(e)(2)(B). Abbott has already been released from prison and can no longer benefit from a sentence reduction, but he still could benefit from a reduction in his term of supervised release. *See Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Sester v. United States*, 132 S. Ct. 1463 (2012). We think it is legally permissible and serves the ends of justice and fairness for us to remand to the district court for it to consider in the first instance whether modification of Abbott's term of supervised release is now appropriate in light of the BOP's prior unlawful denial of Abbott's eligibility for sentence reduction.

**DISMISSED, REVERSED AND REMANDED with instructions.**