NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRVIN MORENO,<br><br>        Petitioner-Appellant,<br><br>v.<br><br>RICHARD B. IVES, Warden,<br><br>        Respondent-Appellee. | No.    18-35888<br><br>D.C. No. 3:18-cv-00505-MK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted August 31, 2020
Seattle, Washington

Before:   BYBEE and COLLINS, Circuit Judges, and BASTIAN,** District Judge.
Dissent by Judge COLLINS

     Irvin Moreno, Petitioner, appeals the district court's dismissal of his 28

U.S.C. § 2241 habeas petition for lack of jurisdiction. We have jurisdiction

pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo*, *Crickon v. Thomas*,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Stanley Allen Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

579 F.3d 978, 982 (9th Cir. 2009), and we reverse and remand with instructions to deny the petition.[1]

### (1) Jurisdiction at the District Court

We review the district court's determination that it lacked jurisdiction to consider Mr. Moreno's habeas petition *de novo*. *Puri v. Gonzales*, 464 F.3d 1038, 1040 (9th Cir. 2006).

Congress has specified that decisions regarding Bureau of Prison's individualized determinations of Residential Drug Abuse Treatment Program (RDAP) are not reviewable under the Administrative Procedures Act. 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). However, categorical challenges to how BOP interprets its own regulations are reviewable. *Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014).

Mr. Moreno argues that the district court erred in finding that it lacked jurisdiction to review his habeas petition. He argues that his petition challenges BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B) and its implementing regulations, 28 C.F.R. § 550.55(b)(4) and (b)(5), as well as its interpretation of 18

---

[1] Although Mr. Moreno was released from custody and began supervised release shortly after these arguments, his appeal is not moot because there is a potential remedy modifying or terminating supervised release under 18 U.S.C. § 3583(e). *Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014).

U.S.C. § 3584(c), rather than just BOP's decision that he individually was ineligible for the RDAP sentence reduction incentive.

We find that the district court erred and that it had jurisdiction to review Mr. Moreno's habeas petition. This court has long recognized that prisoners may challenge BOP's actions as inconsistent with its regulations and statutes where its actions categorically exclude prisoners from eligibility for the RDAP sentence reduction incentive. *See Abbott*, 771 F.3d at 514. Here, Mr. Moreno challenged BOP's interpretation of § 3621(e)(2)(B) and 28 C.F.R. § 550.55(b)(4) and (b)(5) to categorically deny him and other similarly situated prisoners from consideration for the sentence reduction. Accordingly, the district court had jurisdiction to review Mr. Moreno's petition.

## (2) Aggregation of "Prior" and "Current" Offenses

We next consider Mr. Moreno's claim that BOP improperly aggregated his 2012 felon in possession of a firearm conviction—for which he was serving a term of imprisonment upon revocation of a term of supervised release—with his 2016 drug trafficking charge. He argues that BOP violated the plain meaning of § 3621(e)(2)(B) and 28 C.F.R. § 550.55(b)(4) and (b)(5) by construing his 2012 conviction as a "current" offense of conviction and on that basis determining he was ineligible for the sentence reduction.

3

A term of supervised release imposed by a sentencing court—although distinct from a term of imprisonment—is, as a matter of law, a component of the overall sentence imposed on a defendant's conviction. *United States v. Paskow*, 11 F.3d 873, 881–83 (9th Cir. 1993). Indeed, the Supreme Court has recognized that post-revocation penalties relate to the original offense of conviction. *Johnson v. United States*, 529 U.S. 694, 702 (2000). Thus, revocation of supervised release is a reinstatement of the sentence for the underlying crime, not a punishment for the conduct that led to the revocation in the first place. *United States v. Brown*, 59 F.3d 102, 104–05 (9th Cir. 1995).

Section 3621(e)(2)(B) provides that prisoners who complete RDAP are eligible for a sentence reduction of up to one year. However, completion of RDAP does not automatically mean that an inmate is eligible for the sentence reduction incentive, and Congress delegated the authority to make those determinations to BOP. BOP implemented § 550.55(b)(4) and (b)(5) to determine which inmates were eligible and ineligible for the sentence reduction incentive. In its current form, BOP precludes inmates from receiving early relief if they have a current conviction that involves the use or threatened use of physical force against a person or property of another, involves the carrying, possession, or use of a firearm, an offense that involves a serious potential risk of physical force against another, or

an offense that involves sexual abuse on minors. 28 C.F.R. § 550.55(b)(5). BOP may also preclude inmates from receiving early release if they have a prior conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnapping, or an offense that involves sexual abuse of a minor. 28 C.F.R. § 550.55(b)(4). To determine an inmate's current offense of conviction, BOP looks at every crime for which the inmate is currently serving time. Congress directs that BOP "shall" treat the multiple terms of imprisonment "for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c); BOP Program Statement 5880.28.

We find that BOP did not violate the plain meaning of the relevant statutes when it aggregated Mr. Moreno's 2012 conviction with his 2016 conviction to determine that he was ineligible for the RDAP sentence reduction incentive. Contrary to Mr. Moreno's position, BOP's interpretation of "current" to mean any conviction for which the inmate is still serving time is consistent with governing law. *See Paskow*, 11 F.3d at 881-83; 18 U.S.C. § 3584. The imprisonment on the 2012 supervised release violation was part of the § 922(g) and § 924(c) sentence, so it was a "current" conviction during Mr. Moreno's term of imprisonment. BOP's determination here that Mr. Moreno's 2012 conviction was "current" was based on its interpretation of its own regulation, 28 C.F.R. § 550.55(b)(5)(ii),

5

which is an exercise of discretion allowed under 18 U.S.C. § 3621(e)(2)(B). BOP followed the plain meaning of § 3584(c) to aggregate Mr. Moreno's two sentences. Once aggregated, the 2012 supervised release revocation sentence and the 2016 sentence were both "current" for purposes of determining eligibility for the RDAP sentence reduction. *See, e.g.*, *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (holding that a prisoner incarcerated on multiple sentences is in custody on all sentences, even if the time for completing one of the sentences has arguably passed, for purposes of habeas relief). Insofar as Mr. Moreno argues that § 3584(c) is limited to sentence computation, no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP. *Lopez v. Davis*, 531 U.S. 230, 242 (2001).

Based on the plain meaning of the relevant statutes and regulations, then, Mr. Moreno was ineligible for the RDAP sentence reduction. He had a current offense of felon in possession of a firearm, which is a disqualifying offense under § 550.55(b)(4). BOP did not exceed its authority in concluding that Mr. Moreno was ineligible for sentence reduction based on his 2012 felon in possession of a firearm conviction.

WE REVERSE AND REMAND WITH INSTRUCTIONS TO DENY THE PETITION.

*Moreno v. Ives*, No. 18-35888

COLLINS, Circuit Judge, dissenting:

In this case, the Federal Bureau of Prisons ("BOP") incorrectly interpreted a federal statute when it denied Petitioner-Appellant Irvin Moreno's request for early release under 18 U.S.C. § 3621(e)(2). In light of that legal error, I would reverse the district court's dismissal of Moreno's habeas petition and remand for further proceedings. Because the majority concludes otherwise, I respectfully dissent.

**I**

Moreno was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and in February 2012 he was sentenced to 37 months in prison and a three-year term of supervised release. After completing his term of imprisonment, he proceeded to engage in drug trafficking and as a result he was convicted in 2016 of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). For this new offense, Moreno was sentenced to 60 months imprisonment and four years of supervised release. Because his commission of this new crime violated the terms of his existing supervised release on the prior gun charge, Moreno's supervised release was revoked. On the same day he was sentenced to 60 months in the drug case, he was also sentenced to a concurrent term of 6 months imprisonment on the supervised-release revocation.

While incarcerated as a result of these sentences at a federal prison in Oregon, Moreno applied for, and ultimately successfully completed, the Residential Drug Abuse Treatment Program ("RDAP"). To encourage prisoners to participate in such treatment programs, Congress has provided that the remaining period of custody for a federal prisoner "convicted of a nonviolent offense . . . *may* be reduced by the Bureau of Prisons" by up to one year, upon the prisoner's completion of such a program. 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Noting the use of permissive language in § 3621(e)(2)(B), the Supreme Court in *Lopez v. Davis*, 531 U.S. 230 (2001), upheld a BOP regulation that categorically excludes from eligibility for early release any inmate "'whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm.'" *Id*. at 235 (quoting 28 C.F.R. § 550.58(a)(1)(vi) (2000)); *see also id*. at 240–44. The BOP here invoked that very same restriction—which is now contained in 28 C.F.R. § 550.55(b)(5)(ii)—in denying Moreno early release. It also invoked the related restriction in § 550.55(b)(5)(iii) for those serving a "current" sentence for a felony conviction that involved "a serious potential risk of physical force against the person or property of another."

In concluding that Moreno was imprisoned for a "current" offense involving firearms and a risk of use of force, the BOP relied solely on the fact that Moreno had been sentenced to a concurrent six-month term upon the revocation of his

2

supervised-release on his § 922(g)(1) conviction. Although Moreno had already been in custody for more than six months at the time the BOP determined that he was ineligible for early release under § 3621(e)(2)(B), the BOP concluded that the gun charge was still a "current" offense. The BOP concluded that the statutory directive that multiple terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), meant that "all offenses of conviction are considered a 'current offense'" throughout the entire period of incarceration. After exhausting his administrative remedies, Moreno filed a habeas petition in the district court. That court dismissed the petition, and Moreno timely appealed.

## II

I agree with the majority that, under *Abbott v. Federal Bureau of Prisons*, 771 F.3d 512 (9th Cir. 2014), the district court had jurisdiction to review Moreno's "categorical challenge to the BOP's interpretation of its own regulation." *Id*. at 514. I also agree with the majority that the six-month term imposed upon the revocation of Moreno's supervised release constitutes a sentence on the underlying § 922(g) charge for which that supervised release had been imposed. *See Johnson v. United States*, 529 U.S. 694, 701 (2000). But in my view, the BOP's interpretation of § 550.55(b)(5) nonetheless rests on a predicate legal error—an

3

erroneous construction of § 3584(c)—and is therefore "invalid." *Abbott*, 771 F.3d at 514.

As noted earlier, the BOP stated that § 3584(c) *required* it to deem the six-month concurrent sentence on the § 922(g) offense as being a "current" sentence for purposes of § 550.55(b)(5) throughout the entirety of Moreno's 60-month aggregate term of incarceration. The BOP has adhered to that position in this court, arguing that, under "the plain terms of th[e] statutory mandate" in § 3584(c), it "count[ed] the *whole* of Moreno's prison term *in service of both convictions*" in determining whether he was serving a "current" sentence for his § 922(g) conviction (emphasis added). This construction of § 3584(c) is plainly incorrect.

Nothing in the language of the statute supports the BOP's position that § 3584(c) requires it to treat the aggregate term of incarceration as *fully* applicable to *each* count of conviction—that is, to treat the defendant as if he is serving, in effect, concurrent sentences on each conviction that are each equal to the total term of imprisonment. Such a reading makes no sense, because it would regularly attribute to an individual offense of conviction a total sentence that would exceed the statutory maximum for that offense. Under the BOP's view, for example, a defendant serving a five-year sentence for a conspiracy conviction under 18 U.S.C. § 371 and a consecutive three-year sentence for theft of mail matter under 18 U.S.C. § 1708, is *required* to be deemed, under § 3584(c), as serving concurrent

4

eight-year sentences *on each count*—even though the statutory maximum for both offenses is only five years. A reading of § 3584(c) that would produce such a legally flawed result cannot be correct.

Indeed, nothing in the language of § 3584(c) suggests that the statute says anything about the relationship between the aggregate term of imprisonment and each constituent individual charge that produced it. On the contrary, the clear import of the statute is that the aggregate term is to be treated as a single, undifferentiated sentence "for *administrative* purposes" only, such as (for example) calculating good-time credits under 18 U.S.C.§ 3624. *See* 18 U.S.C. § 3584(c) (emphasis added). Assigning portions of a total term of incarceration to specified offenses is not an "administrative purpose[]," *id.*; it is a judicial function performed at sentencing. Section 3584(c) does not speak to the charge-allocation issue, and it does not replace the courts' allocations, as reflected in the sentencing orders, with concurrent, identical aggregate sentences on each and every charge. *Cf. United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (rejecting the view that, for purposes of sentencing reductions under 18 U.S.C. § 3582(c)(2), § 3584(c) replaces separate consecutive charges with aggregate terms; § 3584(c) "instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served" (collecting cases)).

Sentencing reductions under § 3621(e)(2) are, in one sense, "administrative"

in nature in that the BOP must use the aggregate term of imprisonment in setting an early release date that is not more than one year before that the end of the term the prisoner "must otherwise serve." *See* 18 U.S.C. § 3621(e)(2)(B). But the BOP erred in concluding that § 3584(c) goes further and requires the BOP, for purposes of § 3621(e)(2), to treat the aggregate term as being equally and fully *allocable* to each constituent offense. Section 3584(c) says nothing on that subject, and the BOP committed an error of law in concluding otherwise.[1]

The BOP concedes in its brief that, if § 3584(c) were set aside and the "two sentences were teased apart and tracked separately, Moreno would have finished his six-month stint long before BOP reviewed his RDAP early release eligibility." In light of that concession, it is clear that, once the BOP's legal error concerning § 3584(c) is disregarded, Moreno's § 922(g)(1) charge was not a "current"

---

[1] Neither of the cases cited by the majority supports a contrary view. *Peyton v. Rowe*, 391 U.S. 54 (1968), merely held that "a prisoner incarcerated under consecutive sentences who claims that a sentence that he is scheduled to serve in the future is invalid" may bring a habeas corpus petition without waiting for that future sentence to begin. *Id*. at 55; *see also id*. at 64–65 (holding that prisoners are "'in custody in violation of the Constitution'" for purposes of the habeas statute "if any consecutive sentence they are scheduled to serve was imposed as the result of a deprivation of constitutional rights"). *Peyton* did not hold that an aggregate term is equally allocable to each count for all purposes, as the decisions collected in *Llewlyn* make clear. *See* 879 F.3d at 1295 (a consecutive sentence that has *already* been served is not a current sentence for purposes of § 3582(c)(2)). And nothing in *Lopez*, 531 U.S. 230, supports the majority's view that the sort of charge-allocation issue here is an "administrative" determination within the meaning of § 3584(c). Indeed, *Lopez* does not even mention § 3584(c).

conviction and the BOP erred in finding him ineligible for early release.[2]

Accordingly, as in *Abbott*, I would "remand to the district court for it to consider in the first instance whether modification of [Moreno's] term of supervised release is now appropriate in light of the BOP's prior unlawful denial of [Moreno's] eligibility for sentence reduction." 771 F.3d at 514.

I respectfully dissent.

---

[2] Nothing in my reasoning forecloses the BOP from exercising its discretion to amend the regulations and to specify that certain types of convictions, imposed at various times, will render a prisoner ineligible for early release under § 3621(e)(2). *See Lopez*, 531 U.S. at 241. But having adopted a regulation that distinguishes between "current" and "prior" convictions, the BOP may not then proceed on the legally erroneous view that Congress, in § 3584(c), has dictated what counts as a "current" conviction and for how long.