**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Sonia Rivera-Gonzalez, | No. 21-80 |
| Petitioner, | Agency No.     A072-930-587 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Sonia Rivera-Gonzalez, a citizen of Mexico, seeks review of the

Board of Immigration Appeals' (BIA) denial of her motion to reopen her removal

proceedings to seek withholding of removal and deferral of removal under the

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and

we deny in part and dismiss in part the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022).

The BIA did not abuse its discretion in denying Rivera-Gonzalez's motion because she failed to demonstrate material changed country conditions based on evidence that was unavailable at the time of her prior hearing in 2016. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Much of the documentary evidence that Rivera-Gonzalez submitted to show changed conditions for LGBTQ persons in Mexico was available at the time of her prior hearing. And the record does not establish that the BIA abused its discretion in concluding that her remaining evidence demonstrates only "incremental" change, not a "material" change. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Rivera-Gonzalez also challenges the BIA's refusal to sua sponte grant reopening. We lack jurisdiction to review the BIA's discretionary judgment not to sua sponte reopen removal proceedings where Rivera-Gonzalez has not raised a colorable legal or constitutional challenge. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Rivera-Gonzalez's equitable tolling argument is a restatement of her changed-conditions argument. And her due process argument—that the denial of her motion violated her rights "to substantive and procedural due process by depriving her review of her immigration case"—is "merely an abuse of discretion claim re-packaged as a constitutional claim." *Negrete v. Holder*, 567 F.3d 419,

422 (9th Cir. 2009). "A 'petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.'" *Id.* (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

**PETITION DENIED IN PART; DISMISSED IN PART.**[1]

---

[1]We also deny as moot Rivera-Gonzalez's motion for a stay of removal pending appeal.