# United States Court of Appeals for the Federal Circuit

04-1207

SILICON IMAGE, INC.,

Plaintiff-Appellee,

v.

GENESIS MICROCHIP INCORPORATED
and GENESIS MICROCHIP (DELAWARE) INC.,

Defendants-Appellants.

David Larson, McDermott Will & Emery LLP, of Palo Alto, California, argued for plaintiff-appellee.  On the brief was Paul Devinsky, of Washington, DC.  Of counsel on the brief were Terrence P. McMahon and Behrooz Shariati, of Palo Alto, California.  Of counsel was Michael S. Wilcox, of Palo Alto, California.

Robert E. Hillman, Fish & Richardson P.C., of Boston, Massachusetts, argued for defendants-appellants.  On the brief were Ruffin B. Cordell, Linda Liu Kordziel, Richard G. Green and Tina M. Chappell, of Washington, DC.  Of counsel were Robert P. Feldman and Maura L. Rees, Wilson Sonsini Goodrich & Rosati, of Palo Alto, California.

Appealed from:    United States District Court for the Eastern District of Virginia

Judge Robert E. Payne

# United States Court of Appeals for the Federal Circuit

04-1207

SILICON IMAGE, INC.,

Plaintiff-Appellee,

v.

GENESIS MICROCHIP INCORPORATED,
and GENESIS MICROCHIP (DELAWARE) INC.,

Defendants-Appellants.

_____

DECIDED:   January 28, 2005

_____

Before MICHEL, Chief Judge,[*] GAJARSA, and LINN, Circuit Judges.

GAJARSA, Circuit Judge.

Genesis Microchip Incorporated and Genesis Microchip (Delaware) Inc. (collectively "Genesis") appeal from the decision of the United States District Court for the Eastern District of Virginia granting the motion of Silicon Image, Inc. ("Silicon") to enforce the terms of a settlement agreement requiring Genesis to make certain payments and to pay royalties on the total sales of certain Genesis products.  Silicon

_____

[*] Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

Image, Inc. v Genesis Microchip Inc., 271 F. Supp. 2d 840 (E.D. Va. 2003). The issue before us is whether or not there is a final judgment from which an appeal may be taken within the meaning of 28 U.S.C. § 1295(a)(1) (final judgment rule). Because we conclude that there is no final judgment, we dismiss for lack of jurisdiction.

## BACKGROUND

As a member of the Digital Display Working Group ("DDWG"), Silicon is a Promoter ("Promoter") of the Digital Visual Interface, Revision 1.0 Specification ("DVI Specification"). The DVI Specification, which DDWG developed and released, describes and adopts a technical standard for digital interface between a computer and a digital display.

The Promoters of the DVI Specification owned certain patents whose claims would be infringed by the manufacturers and users of products that adopt the DVI Specification. In order to foster and develop the standard and have it adopted industry-wide, the Promoters agreed to grant a royalty-free license limited to those claims of their patents that would necessarily be infringed ("Necessary Claims") by anyone practicing the standards set forth in the DVI Specification. However, the remaining claims of any patent that were not Necessary Claims ("Non-Necessary Claims") would be outside the terms of the license and would subject a party to suit if practiced.

In 1999, Genesis signed a DVI Adopters Agreement and began developing DVI receiver technology. Genesis incorporated that technology in a number of its products. Like other Promoters, Silicon owns a number of the patents required to develop and manufacture products that adopt the DVI Specification, including U.S. Patent Nos.

5,974,464 ("the '464 patent") and 5,905,769 ("the '769 patent"), the two patents at issue in this action.

In April 2001, Silicon filed an action against Genesis in the Eastern District of Virginia alleging infringement of the Non-Necessary Claims of the '769 and the '464 patents. Genesis counterclaimed, contending that the asserted patent claims were invalid, not infringed, or subject to the DVI Adopters Agreement.

In due course, the district court held a Markman hearing and issued a claim construction ruling. On December 17, 2002, following almost six months of discovery, the district court advised the parties that an opinion resolving the parties' summary judgment motions would be entered on the following day and suggested that further settlement discussions might be in the best interests of both parties. In a telephone conference on December 18, 2002, the parties represented to the district court that they had reached an agreement to settle the action. The parties memorialized their agreement in a Memorandum of Understanding ("MOU"), which was executed by the Chairman and Chief Executive Officer ("CEO") of each company.

The MOU required the parties to prepare "Definitive Agreements" by December 31, 2002. In preparing the Definitive Agreement, the parties discovered that they sharply disagreed on the meaning of the MOU's terms that defined which products would be subject to royalties. Specifically, Silicon argued that the MOU requires Genesis to pay royalties on certain products regardless of whether the products infringe Silicon's Necessary or Non-Necessary patent claims. Genesis believed the MOU left the royalty-free license intact and required royalty payments only on products using the additional license rights granted in the MOU. The parties were unable to come to an agreement

and ultimately failed to draft a Definitive Agreement. Consequently, pursuant to a clause in the MOU, the MOU became the binding settlement agreement.

On January 13, 2003, the parties filed cross-motions to interpret and enforce the MOU. Silicon filed a motion to interpret the MOU ("Motion Re December Proceedings") in which it alleged that that the MOU was binding on the parties. Silicon requested the district court to interpret the MOU to require Genesis to pay the stated royalties on its entire product base and find that Genesis was in breach of the MOU. Genesis filed a motion to dismiss ("Motion to Dismiss") urging its own construction of the MOU and arguing that the terms of the MOU required Silicon to dismiss the pending patent infringement action. On March 7, 2003, the district court held an evidentiary hearing to resolve disputed factual issues regarding the MOU, its formation, and the conduct of the parties immediately following its formation. The district court ultimately concluded that an agreement had been formed on the terms and conditions advanced by Silicon. On July 15, 2003, the district court issued an opinion ("Memorandum Opinion") adopting Silicon's construction of the MOU as the binding settlement agreement of the parties. See Silicon Image, Inc. v. Genesis Microchip, Inc., 271 F. Supp. 2d 840 (E.D. Va. 2003). On August 6, 2003, the district court entered an order, which it called a "Final Judgment Order," directing Genesis to either: (a) remit to Silicon the cash payments provided for in paragraph 2 of the MOU; or (b) remit such payments to the Clerk of the Court for deposit in an escrow account. Genesis chose to remit the funds to the Clerk of Court.

The Final Judgment Order, however, expressly incorporated the terms of the MOU. As negotiated by Silicon and Genesis, the MOU stipulated that the underlying

patent infringement action would be dismissed with prejudice on the condition that Silicon receive payment of a stated settlement sum. On August 18, 2003, Silicon moved the district court to amend the Final Judgment Order, arguing that because Section 0 of the MOU conditioned dismissal of the action upon payment of the specified settlement amount to Silicon, the Final Judgment Order was inconsistent with the July 15 Memorandum Opinion. The district court agreed and, in accordance with the terms of the MOU, the district court's Amended Final Judgment Order of December 19, 2003 (the "December 19 Order") made dismissal of the action with prejudice contingent upon certification to the court that Genesis had paid Silicon the specified settlement amount. Paragraph 3 states:

> as provided by paragraph 0 of the MOU, this action shall be dismissed with prejudice immediately after Silicon shall certify to the court in a pleading that it has received from Genesis the [stated dollar] payment provided in paragraph 2 of the MOU . . .

Notwithstanding this provisional dismissal, the district court sought to make the decision appealable by stating:

> nothing in paragraphs (3), (4) or (5) above shall preclude this Amended Final Judgment Order from being a final and appealable order, notwithstanding that the Court shall retain limited jurisdiction to enter the order of dismissal with prejudice referred to in paragraph (3) and to dispose of the issues to be briefed pursuant to paragraphs (4) and (5).

On January 2, 2004, Genesis filed a Motion for Stay of the Amended Final Judgment Order and Regarding the Proper Disposition of Funds Deposited with the Clerk. In this motion Genesis sought a stay of the December 19 Order pursuant to Fed. R. Civ. P. 62(d). On March 23, 2004, the district court granted Genesis's request:

> It is ORDERED that the Defendants' Motion for Stay of the Amended Final Order and Regarding the Proper Disposition of Funds Deposited with the Clerk (Docket No. 313) will be GRANTED upon Genesis' posting of a

supersedeas bond in the amount of [a stated amount]. Moreover, Genesis may use the [dollar amount] it has already deposited in escrow with the Clerk of the Court to fund this bond.

Genesis posted the bond, thereby complying with the March 23 Order. Genesis never paid and Silicon never received the stated cash payment required pursuant to Paragraph 3 of the December 19 Order. Consequently, Silicon never certified receipt of the stated payment.

Genesis filed a Notice of Appeal on January 15, 2004, after it had filed its motion seeking to amend the December 19 Order, but before that motion was decided. On January 20, 2004, Genesis filed a second Notice of Appeal, listing specific orders and rulings from which it appealed. Despite the fact that Genesis had, in the January 20 Notice of Appeal, reserved the right to amend its appeal in light of any further developments concerning matters over which the district court had retained jurisdiction, it failed to file an amendment to its Notice of Appeal.

Since it appeared that there might be no appealable final judgment and no determination pursuant to Fed. R. Civ. P. 54(b), this Court issued an order directing the parties to address the jurisdictional issue. In supplemental briefing, the parties disagreed over whether the judgment of the district court was final and which, if any, of the district court's judgments are appealable.

Before oral argument, the Court again raised the issue of the finality of the district court's judgment and asked both parties to comment on whether this court had jurisdiction over the appeal. Both parties verified that the certification condition of the December 19 Order had not been satisfied and that consequently the district court had not issued an order dismissing the action. Genesis again argued that the infringement

claims remained stayed pending appeal and that it considered the district court's actions to have finally disposed of the case for purposes of appeal. The parties confirmed that the district court had not made any determination, nor entered any certification, under Rule 54(b). The court, after a brief conference, announced at oral argument, that because the underlying claims remained pending, the judgment of the district court was not final, leaving this court without jurisdiction to hear the appeal. The court then ruled that the case was dismissed and adjourned the proceeding without entertaining argument on the merits.

DISCUSSION

"Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (internal quotation marks and citations omitted); see also Nystrom v. TREX Co., 339 F.3d 1347, 1349 (Fed. Cir. 2003). Consequently, despite the fact that neither party initially raised an objection to our jurisdiction over this appeal, we must consider whether there is a final decision of the district court within the meaning of 28 U.S.C. § 1295(a)(1). Nystrom, 339 F.3d at 1349; see also Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1362 (Fed. Cir. 2003). We determine the scope of this court's jurisdiction by applying Federal Circuit law, not that of the regional circuit from which the case arose. Nystrom, 339 F.3d at 1350; see also H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1382 (Fed. Cir. 2002); State Contracting & Eng'g Corp. v. Florida, 258 F.3d 1329, 1334 (Fed. Cir. 2001); Woodard v. Sage Prods., Inc., 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc).

We conclude that we do not have jurisdiction under 28 U.S.C. § 1295(a)(1) because the judgment of the district court in this matter is not yet final.

In order for a party to appeal from a judgment, that judgment must be final. Nystrom, 339 F.3d at 1350. The Supreme Court has defined a final judgment as a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). Requiring parties to "raise all claims of error in a single appeal following final judgment on the merits," Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981), "forbids piecemeal disposition on appeal of what for practical purposes is a single controversy." Cobbledick v. United States, 309 U.S. 323, 325 (1940). Absent the full adjudication of all claims for all parties, the dismissal of any unresolved claims, or an express determination that there is no just reason for delay and an express direction for entry of judgment as to fewer than all of the parties or claims under Fed. R. Civ. P. 54(b), there can be no "final decision" under 28 U.S.C. § 1295(a)(1). See Nystrom, 339 F.3d at 1350.

The final judgment rule cannot be satisfied by stipulation of the parties. Regardless of whether a case is resolved by being fully adjudicated on its merits or by a settlement between the parties, the final judgment rule remains a precursor to an appeal as of right before this court. Thus, even in a settled case, a final judgment must obtain. In order to satisfy this requirement, the trial court must dismiss, with or without prejudice, all of the claims as a predicate to a final judgment before appellate jurisdiction may lie to challenge any matter relating to the settlement. Final dismissal of all claims

with prejudice acts as a full adjudication on the merits, <u>Inland Steel Co. v. LTV Steel Co.</u>, 364 F.3d 1318, 1321 (Fed. Cir. 2004), and renders the controversy ripe for appeal. Under the particular facts of this case there has been no final judgment and we cannot assert jurisdiction over the case.

This case was resolved by the parties executing a settlement agreement embodied in the MOU. The district court incorporated the terms of the MOU into its final order, ostensibly disposing of the case.[1] The December 19 Order requires Silicon to certify that it received the payment stipulated by the terms of the MOU as a precondition to the dismissal, with prejudice, of the underlying infringement cause of action. Thus, Genesis's payment and Silicon's stipulation to the court that it had received such payment are conditions precedent to dismissal of the underlying infringement claims. The conditions precedent were never satisfied. As a result, the underlying claims were never dismissed. At the time the defendants appealed to this Court, the plaintiff's claims regarding infringement remained pending in the district court, meaning that the district court's order was not final.

The district court explicitly required Silicon to certify that it had received certain payments from Genesis, because the bargain embodied by the MOU made a dismissal with prejudice of Silicon's patent infringement claims consideration for providing the agreed upon settlement amount and royalty payments. Once the district court

---

[1]     Indeed, had the terms of the MOU not been incorporated into the district court's final order, the district court would not have been able to exercise jurisdiction over the subsequent efforts by the parties to enforce the agreement as such disputes are in essence no more than contract disputes and not the proper subject of pendant jurisdiction. <u>See</u> <u>Nat'l Presto Indus., Inc. v. Dazey Corp.</u>, 107 F.3d 1576, 1583 (Fed. Cir. 1997) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381 (1994)).

determined that this was the bargain entered into by the parties, it was powerless to order a dismissal with prejudice of Silicon's infringement claims until the parties complied with the terms of the agreement. By stipulating that dismissal could not be entered until the payment was received, Genesis foreclosed alternative solutions.

Furthermore, we hold that the district court cannot enter a dismissal until Silicon receives the payment required as a condition precedent to dismissal and so certifies to the court. Genesis contends that such a requirement would impair its right under Fed. R. Civ. P. 62(d) to stay execution of the judgment pending appeal. We disagree. By stipulating that dismissal could not be entered until the payment was received, Genesis effectively waived whatever rights it might have had under Rule 62(d) to delay direct payment to Silicon. Settlement agreements are contracts. As such, the district court cannot alter the terms of the settlement agreement by judicial decree without the parties' consent. To hold otherwise would deny the parties the benefit of their bargain.

In this case, the parties were the architects of their own settlement structure. However unfortunate their choices in designing their settlement agreement, these choices may not now be unilaterally undone by a court. Once the district court determined that the MOU was an enforceable agreement and that it would not be necessary to resume a full trial on the merits of the case, there were only limited avenues to establish a basis for appeal, namely, by interlocutory or final judgment.

Genesis could have sought permission under 28 U.S.C. § 1292(b) and (c)(1) to immediately appeal the interlocutory judgment and order of the district court, or Genesis could have made the required payment pursuant to the MOU with the appropriate certification of receipt by Silicon. None of these avenues was followed, therefore there

is no interlocutory or final judgment from which an appeal can be taken.  Since under 28 U.S.C. § 1295(a)(1) this Court cannot review a decision by a district court that is not final, we dismiss this case for lack of jurisdiction.

<u>DISMISSED</u>

<u>COSTS</u>

No costs.