NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1271

ALL COMPUTERS, INC.,

Plaintiff-Appellant,

v.

INTEL CORPORATION,

Defendant-Appellee.

_____

DECIDED: May 4, 2006

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and MAYER, <u>Circuit Judges</u>.

PER CURIAM.

All Computers, Inc. ("All Computers") appeals the grant of summary judgment of noninfringement of United States Patent No. 5,506,981 (the "'981 patent") to Intel Corp. ("Intel") by the United States District Court for the Eastern District of Virginia. <u>All Computers, Inc. v. Intel Corp.</u>, No. 04-586, slip op. (E.D. Va. Feb. 9, 2005) ("Judgment"). Because the district court did not adjudicate Intel's invalidity and unenforceability counterclaims, the present appeal is not from a final decision within the meaning of 28 U.S.C. § 1295(a)(1). Nor did the district court certify the case under

Federal Rule of Civil Procedure 54(b). Therefore, this court lacks jurisdiction and we dismiss the instant appeal.

I.

All Computers is the assignee of the '981 patent, "Apparatus and Method for Enhancing the Performance of Personal Computers," which relates to "an accelerator board for use in replacing the microprocessor of a slow speed system board with a microprocessor operating at a higher clock speed." '981 patent, abstract. On May 20, 2004, All Computers filed suit against Intel for infringement of the '981 patent. On June 9, 2004, Intel answered and counterclaimed "non-infringement, invalidity, and unenforceability." On October 28, 2004, Intel moved for "summary judgment of non-infringement." On November 19, 2004, oral argument was held on the summary judgment motion. On January 11, 2005, the court "Ordered that Defendant Intel Corporation's Motion for Summary Judgment is Granted." All Computers, Inc. v. Intel Corp., No. 04-586, slip op. at 1 (E.D. Va. Jan. 11, 2005) ("Order"). In the February 9, 2005 Judgment, the court "Ordered that Judgment is Entered in favor of Defendant Intel Corporation and against Plaintiff All Computers, Inc." Judgment at 1. Neither the Order nor the Judgment mentioned the invalidity or unenforceability claims. All Computers filed a Notice of Appeal on March 4, 2005. Oral argument was scheduled for May 2, 2006.

On April 21, 2006, this Court requested that the parties provide documentation that there was adjudication of the invalidity and unenforceability counterclaims. On April 24, 2006, plaintiff-appellant All Computers replied that "[t]here was no decision concerning invalidity and unenforceability." Defendant-appellee Intel responded that

"there has been no final judgment below" and "it is appropriate that the appeal be dismissed."

## II.

"Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction. . . . Consequently, despite the fact that neither party initially raised an objection to our jurisdiction over this appeal, we must consider whether there is a final decision of the district court within the meaning of 28 U.S.C. § 1295(a)(1)." Silicon Image, Inc. v. Genesis Microchip, Inc., 395 F.3d 1358, 1362 (Fed. Cir. 2005) (citations omitted). Under section 1295(a)(1), this Court only has jurisdiction over a "final decision of a district court of the United States." 28 U.S.C. § 1295(a)(1). A final judgment is one that "ends the litigation on the merits and leaves nothing to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

In Silicon Image, we explained that "[a]bsent the full adjudication of all claims for all parties, . . . there can be no 'final decision' under 28 U.S.C. § 1295(a)(1)" and dismissed the case for lack of jurisdiction under section 1295(a)(1) because "plaintiff's claims regarding infringement remained pending in the district court. . . ." Id. at 1362-63. Similarly, here, all claims and counterclaims have not been fully adjudicated, as plaintiff-appellant All Computers averred that there was no adjudication of the invalidity and unenforceability counterclaims. Nor were such claims and counterclaims removed from the case, whether by dismissal (with or without prejudice) or voluntary withdrawal; nor was the partial summary judgment certified under Rule 54(b). Thus, there is no final judgment in this case and we do not have jurisdiction. Parties must abide by and be

cognizant of the jurisdictional requirements of 28 U.S.C. § 1295(a)(1) and Federal Rule of Civil Procedure 54(b).