NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**MAX IMPACT, LLC** AND **CHANELIA LTD.**,
*Plaintiffs-Appellants,*

**v.**

**SHERWOOD GROUP, INC.**,
*Defendant-Appellee.*

—————————

2013-1120

—————————

Appeal from the United States District Court for the Southern District of New York in No. 09-CV-0902, Judge Lawrence M. McKenna.

—————————

**ON MOTION**

—————————

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

RADER, *Chief Judge*.

**O R D E R**

Sherwood Group, Inc. moves to dismiss this appeal as premature.  Max Impact, LLC and Chanelia, Ltd. oppose.  Sherwood replies.

Max Impact filed a complaint against Sherwood alleging, inter alia, patent infringement. Sherwood filed a motion to dismiss Max Impact's patent infringement claim for relief based upon a lack of standing. A magistrate judge issued a Report and Recommendation stating that the motion to dismiss the patent infringement claim should be granted.

Over Max Impact's objection, the district court adopted the Report and Recommendation and directed judgment to be entered dismissing Max Impact's patent infringement claim. The dismissal order stated, in relevant part, "ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum and Order . . ., the Court accepts [the magistrate judge's] decision; [Sherwood] may have judgment dismissing the first claim of the amended complaint."

Max Impact filed a notice of appeal to this court. Sherwood argues that the district court's order and judgment dismissing the patent infringement claim are not immediately appealable because claims for relief remain pending in the case and the judgment was not certified under Federal Rule of Civil Procedure 54(b). Max Impact responds, arguing that the district court's judgment makes clear that it intended the judgment to be final and appealable.

We determine whether this court has jurisdiction under 28 U.S.C. § 1295(a)(1) by applying Federal Circuit law. *Silicon Image, Inc. v. Genesis MicrochipInc.*, 395 F.3d 1358, 1362 (Fed. Cir. 2005) (citing *Nystrom v. Trex Company, Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003).

We have explained that "in order for a party to appeal from a judgment, that judgment must be final." *Id.* The Supreme Court has defined a final judgment as a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233

MAX IMPACT, LLC v. SHERWOOD GROUP, INC.                    3

(1945); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

Rule 54(b) provides an exception to this rule in a very specific context:

> When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . .

Rule 54(b) (emphasis added).

We have stated that

> Absent the full adjudication of all claims for all parties, the dismissal of any unresolved claims, or an express determination that there is no just reason for delay and an express direction for entry of judgment as to fewer than all of the parties or claims under Fed. R. Civ. P. 54(b), there can be no "final decision" under 28 U.S.C. § 1295(a)(1).

*Silicon Image*, 395 F.3d at 1362 (citing *Nystrom*, 339 F.3d at 1350).

Here, the district court has not certified a judgment under Fed. R. Civ. P. 54(b). Nor has it provided "an express determination that there is no just reason for

4                    MAX IMPACT, LLC v. SHERWOOD GROUP, INC.

delay."  Additionally, nine counts remain pending before the district court, including three declaratory judgment counterclaims asserted by Sherwood.

Accordingly,

IT IS ORDERED THAT:

Sherwood's motion to dismiss is granted.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25

ISSUED AS A MANDATE:  April 26, 2013