**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMITY RUBBERIZED PEN COMPANY, a California corporation,
 *Plaintiff-Appellant*,

v.

MARKET QUEST GROUP INCORPORATED, a California Corporation, DBA All in One Manufacturing; ALLINONELINE.COM, an entity of unknown status; HARRIS COHEN, an individual; KAREN COHEN, an individual,
 *Defendants-Appellees*.

No. 13-55796

DC No.
2:13 CV 00069-GW-CW

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 6, 2015[*]
Pasadena, California

Filed July 13, 2015

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before: A. Wallace Tashima, Richard C. Tallman,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Tashima

## SUMMARY[**]

### Patent Law

The panel transferred a patent case to the Court of Appeals for the Federal Circuit.

The panel concluded that the case unmistakably arose under the patent laws where the plaintiff's first two claims asserted patent infringement and inducement of patent infringement. Accordingly, they fell within the exclusive appellate jurisdiction of the Federal Circuit, and the panel lacked jurisdiction to resolve the merits of the appeal. Rather than dismissing the appeal, the panel held that because the appeal was neither frivolous nor filed in bad faith, the interest of justice would be served by allowing the appeal to be heard by the Federal Circuit, which would have had jurisdiction at the time the notice of appeal was filed. The panel therefore transferred the misfiled appeal to the Federal Circuit pursuant to 28 U.S.C. § 1631.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sarah R. Wolk and Zachary Levine, Wolk & Levine LLP, Glendale, California, for Plaintiff-Appellant.

Julie S. Turner, Turner Boyd LLP, Redwood City, California, for Defendants-Appellees.

---

**OPINION**

TASHIMA, Circuit Judge:

This is a patent case. Congress has directed that appeals of patent cases shall be heard by the Court of Appeals for the Federal Circuit, and that other circuit courts, including this court, do not have jurisdiction to decide such cases. *See* 28 U.S.C. § 1295(a)(1). Thus, this appeal should have been filed with the Federal Circuit. Because, however, it was filed with us, we must decide what to do with it. We hold that the interest of justice would be served by allowing this case to be heard by the Federal Circuit, and so order that it be transferred to that court.

**I.**

This appeal is the latest chapter in an ongoing patent dispute. For our purposes, the relevant facts are brief. Plaintiff Amity Rubberized Pen Company ("Amity") holds U.S. Patent No. 7,004,350 (the "'350 Patent") for a device that dispenses both toothpicks and tablets, such as mints. On September 26, 2006, Amity sued Defendant Market Quest Group, Inc., ("Market Quest") alleging infringement of the '350 Patent, inducement of patent infringement, and various

related federal and state law claims. Amity's counsel withdrew during the trial, and the district court declared a mistrial. The district court instructed Amity to retain new counsel and to pay Market Quest's costs and fees incurred in connection with the aborted trial, and warned Amity that failure to comply would result in dismissal. Amity refused to pay Market Quest's fees, and on July 12, 2010, the district court dismissed the case with prejudice.

On January 4, 2013, Amity filed the present action, alleging similar claims as in its previous action, including patent infringement, induced infringement, false advertising under the Lanham Act, intentional tortious interference, and unfair competition. The patent claims were based on the '350 Patent, just as the claims in the prior 2006 action had been. Market Quest moved to dismiss Amity's later action, arguing that the entire case was precluded by the 2010 dismissal of the prior action under the doctrine of res judicata. The district court agreed, concluding that Amity's claims were identical to those in its earlier complaint, except that they concerned a different time frame, and dismissed the action. Amity timely appealed to this court, arguing that the defense of res judicata does not apply to acts of patent infringement that occurred after the previous dismissal.

## II.

"We have jurisdiction to consider whether appellate jurisdiction exists" and an obligation to ensure that we do not act beyond the limits of our own jurisdiction. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). In general, our appellate jurisdiction extends to most appeals from the United States District Courts within the geographical boundaries of this circuit. 28 U.S.C. § 1294. That jurisdiction is not

without its limits, however, and there are certain subject areas to which our jurisdiction does not extend.  Relevant here, Congress has granted the Federal Circuit "exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents."  28 U.S.C. § 1295(a)(1).  The grant to the Federal Circuit of exclusive jurisdiction of cases arising under federal patent law means, by obvious and necessary implication, that we do not have jurisdiction to hear appeals in such cases.  *See Breed v. Hughes Aircraft Co.*, 253 F.3d 1173, 1179–80 (9th Cir. 2001).

"[A] case arises under the patent laws where 'a well-pleaded complaint establishes . . . that federal patent law creates the cause of action.'"  *Id.* at 1177 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (second alteration in original)).  The existence of a single claim created by federal patent law is sufficient to trigger the Federal Circuit's exclusive appellate jurisdiction over the entire case; the fact that a complaint also asserts non-patent claims, or that non-patent issues will predominate, is immaterial.  *Id.* at 1178.

This case unmistakably arises under the patent laws.  Amity's first two claims assert patent infringement and inducement of patent infringement.  These claims rely on the federal patent infringement statute, 35 U.S.C. § 271, and therefore arise under federal patent law.  *Id*. at 1177; *see Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 56 F.3d 13, 15 (2d Cir. 1995) (transferring consolidated cases to Federal Circuit because one case included a claim of patent infringement).  As a result, this case falls within the exclusive appellate jurisdiction of the Federal Circuit, and we lack jurisdiction to resolve the merits of this appeal.

**III.**

Although we lack jurisdiction to reach the merits, we need not necessarily dismiss this appeal, which would deprive Amity of any review of the district court's decision.[1]   To address situations where jurisdiction is lacking simply because a case was filed with the wrong court, Congress has granted federal courts the authority to transfer an action or appeal to a federal court of competent jurisdiction.   The relevant statute provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

By its mandatory language, the statute directs us to transfer a misfiled appeal as long as two requirements are

---

[1] Amity cannot simply re-file its appeal with the Federal Circuit because such a late appeal would be time-barred.   *See* Fed. R. App. P. 4.

met:  (1) the court to which the appeal is to be transferred would have had jurisdiction at the time the appeal was filed; and (2) transfer is "in the interest of justice."  *Id.*; *Munns v. Kerry*, 782 F.3d 402, 414 (9th Cir. 2015).  The obligation to address whether a case is transferrable lies with the court:  "A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions."  *Harris v. McCauley* (*In re McCauley*), 814 F.2d 1350, 1352 (9th Cir. 1987).  Having determined that we lack jurisdiction, we must thus decide whether this "appeal could have been brought at the time it was filed" in the Federal Circuit and whether transfer would be "in the interest of justice."  28 U.S.C. § 1631.

## A.

We have little difficulty in concluding that the Federal Circuit would have had jurisdiction over this appeal had Amity filed its appeal there instead of with this court.  As discussed above, 28 U.S.C. § 1295 gives the Federal Circuit exclusive appellate jurisdiction over final decisions of district courts in cases arising under federal patent law.  "A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  The district court's dismissal of all of Amity's claims constitutes a "final decision" for purposes of § 1295.  *See Silicon Image, Inc. v. Genesis Microchip Inc.*, 395 F.3d 1358, 1363 (Fed. Cir. 2005).  The case also arises under patent law because Amity's complaint includes infringement claims for which "federal patent law creates the cause of action."  *Christianson*, 486 U.S. at 809.  The fact that the district court decided the case on generally applicable res judicata grounds, rather than

principles specific to patent law, is immaterial.  *See Cummins, Inc. v. TAS Distrib. Co.*, 700 F.3d 1329, 1335 (Fed. Cir. 2012) (exercising jurisdiction in patent suit where only issue on appeal was application of state res judicata law).

Appellate jurisdiction also depends on the appellant filing a timely notice of appeal.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The district court entered judgment on April 8, 2013, and Amity appealed on May 8, 2013, which was within the 30-day limit for filing an appeal.  *See* Fed. R. App. P. 4.  Had Amity filed its appeal with the Federal Circuit at the time it filed with this court, the appeal would have been timely.  Thus, the Federal Circuit would have had jurisdiction at the time Amity filed its notice of appeal.

## B.

The next question we must answer is whether transfer would be "in the interest of justice."  28 U.S.C. § 1631.  This is a more complex question, and this circuit's precedents do not squarely define that term, although they do provide significant guidance.  Based on these precedents, we conclude that transfer to the Federal Circuit would serve the interest of justice.

## 1.

In general, this circuit has taken a broad view of when transfer is appropriate, recognizing that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'"  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).  At the same time, we have

emphasized that transfer will often serve as a means to prevent the injustice of penalizing a party for an honest procedural mistake. Thus, we will "ordinarily find transfer to be in the interest of justice where . . . the plaintiffs appear to have been 'unaware of or confused about the proper forum in which to file [their] action.'" *Munns*, 782 F.3d at 415 (quoting *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir.2006)) (alteration in original). Similarly, we have indicated that it is in the interest of justice to transfer a case when the time period has elapsed to file in the appropriate court. *See Kennecott Corp. v. U.S. Dist. Ct. for S. Dist. of Cal.*, 873 F.2d 1292, 1293 (9th Cir. 1989). More often, however, we have simply found that, absent contravening considerations, another court's exclusive jurisdiction makes transfer appropriate. *See, e.g.*, *McGuire v. United States*, 550 F.3d 903, 914 (9th Cir. 2008) ("Given the uncontested district court jurisdiction over the bankruptcy, coupled with authority from the Federal Circuit Court of Appeals indicating that the district court had jurisdiction over the Tucker Act claim, we conclude it would be in the interest of justice to transfer the action to the Court of Federal Claims, rather than dismissing it."); *Breed*, 253 F.3d at 1179-80 ("We lack jurisdiction because the Court of Appeals for the Federal Circuit has exclusive jurisdiction. 28 U.S.C. § 1295(a). We therefore transfer the entire case to the Federal Circuit.").

Conversely, we have rarely found that transfer would not serve the interest of justice. For instance, we have stated that transfer is not in the interest of justice if the appellant "was aware of the proper procedure for review" but filed with a different court for a bad-faith purpose, such as to circumvent an earlier order of dismissal. *See Puri*, 464 F.3d at 1043. We have also stated that transfer may not be in the interest of justice if "the petition or appeal is frivolous,"

*Rodriguez-Roman v. INS*, 98 F.3d 416, 424 (9th Cir. 1996), as "[w]here no colorable claim for relief has been shown," *Clark v. Busey*, 959 F.2d 808, 814 (9th Cir. 1992). So long as an appellant has made a colorable claim, however, even if its support is "quite spare," we have found it best to transfer and "leave such issues to the court with jurisdiction over the claims." *Munns*, 782 F.3d at 415 n.9.

Drawing from these cases, we conclude that transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith. This is a low bar and, as prior cases illustrate, it will usually involve a very limited inquiry by the transferring court. But this narrow scope is by design, as the interest of justice will rarely be served by one court engaging in a lengthy pre-transfer analysis, only ultimately to send the case to a new court that must start afresh. Imposing such unnecessary procedure and delay before the right court can address the case on its merits is just the sort of "time-consuming and justice-defeating" impediment transfer is meant to avoid. *Miller*, 905 F.2d at 262 (quoting *Goldlawr*, 369 U.S. at 467). The sooner a case is transferred, the sooner it can be resolved by the court Congress has designated to hear it.

**2.**

We note that some of our sister circuits have adopted a different formulation of the interest-of-justice inquiry. In particular, in *Phillips v. Seiter*, the Seventh Circuit held that in order to determine whether transfer would be in the interest of justice, a court that lacks jurisdiction should "peek at the merits" of the underlying action to determine whether a particular case is meritorious enough to justify transfer.

173 F.3d 609, 610 (7th Cir. 1999).   Several of our sister circuits have followed suit.  *See, e.g.*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).   The rationale for this approach is to avoid "rais[ing] false hopes and wast[ing] judicial resources by transferring a case that is clearly doomed."  *Seiter*, 173 F.3d at 610.

*Seiter*'s language – and the phrase "peek at the merits" in particular – leaves substantial ambiguity about the scope of a transferor court's duty.   Read narrowly, *Seiter* is not *necessarily* inconsistent with our prior holdings that a court need not transfer a frivolous appeal.  *See Britell v. United States*, 318 F.3d 70, 75 (1st Cir. 2003) (relying on *Seiter* for the proposition that "if an action or appeal is fanciful or frivolous, it is in the interest of justice to dismiss it rather than to keep it on life support").  But some courts have read *Seiter* and other "peek at the merits" cases to allow a substantially wider scope of review.  *See, e.g.*, *Daniel*, 428 F.3d at 435 (citing *Seiter* for the proposition that "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice").  To the extent that a "peek at the merits" inquiry would go beyond the narrow review outlined by the above precedents, we reject it as inconsistent with our case law.  For purposes of this appeal, however, we need not decide the precise extent to which our interest-of-justice inquiry differs from those of our sister circuits.

### 3.

Applying these principles to the case before us, we conclude that transfer would be in the interest of justice. Amity had nothing to gain by filing its appeal with this court rather than the Federal Circuit, and nothing before us

indicates that its misfiling was anything other than an honest mistake. Its complaint contains a colorable claim of patent infringement, and this appeal raises a non-frivolous question: whether the district court correctly concluded that Amity's patent infringement claims, which arose after judgment was entered in the prior action, are barred by res judicata. Accordingly, the interest of justice would be best served by allowing a court of competent jurisdiction to address this case on the merits.

## IV.

We lack jurisdiction because this is a patent case, within the exclusive jurisdiction of the Federal Circuit. 28 U.S.C. § 1295(a). Had this appeal been filed with the Federal Circuit at the time it was filed with this court, the Federal Circuit would have had jurisdiction. And because this appeal is neither frivolous nor is there any indication that it was filed in bad faith, we conclude that transfer is in the interest of justice. We therefore order this matter transferred to the Federal Circuit pursuant to 28 U.S.C. § 1631. The clerk shall transmit all materials lodged with this court to the clerk of that court. The award of costs shall abide the final resolution of this appeal by the transferee court.

**TRANSFERRED.**