NOT FOR PUBLICATION
File Name:  19a0044n.06

No. 18-1646

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

WESLEY CORPORATION; DAVID HANSON,

    Plaintiffs-Appellants,

v.

ZOOM T.V. PRODUCTS; IDEAVILLAGE
PRODUCTS CORPORATION,

    Defendants-Appellees.

FILED
Jan 28, 2019
DEBORAH S. HUNT, Clerk

O R D E R

This case arises from a contract, trademark, and patent dispute between Plaintiffs Wesley Corporation and David Hanson and Defendants Zoom T.V. Products and Ideavillage Products Corporation.  The district court granted summary judgment to Defendants on all three claims. Plaintiffs now appeal the district court's judgment with respect to the breach of contract and trademark-infringement claims, but not the patent-infringement claim.

"[F]ederal courts are under an independent obligation to examine their own jurisdiction," without regard to whether a party challenges jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).  Noting that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from the final decision of a district court "in any civil action arising under . . . any Act of Congress relating to patents," 28 U.S.C. § 1295(a)(1), we requested

No. 18-1646, *Wesley Corp., et al. v. Zoom T.V. Products, LLC, et al.*

letter briefs addressing the jurisdictional basis for this appeal. The parties jointly argue that the Federal Circuit likely has exclusive jurisdiction and seek to transfer the case to the Federal Circuit.

The Supreme Court has defined a case as "arising under" the patent laws when "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). The Supreme Court specifically rejected the suggestion that the Federal Circuit determine its jurisdiction "by reference to the case actually litigated" rather than the complaint. *Id.* at 813. We recognize that *Christianson* and other controlling precedent discussing § 1295(a)(1) refer to a previous version of the statute that fixed the Federal Circuit's exclusive jurisdiction by reference to the district court's jurisdiction under § 1338(a). *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829 (2002). But the updated language of § 1295(a)(1) does not alter reliance on the well-pleaded complaint rule in determining appellate jurisdiction. *See Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1339 (Fed. Cir. 2018); *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 994 (9th Cir. 2015). Here, Wesley Corporation alleged patent infringement in its complaint. Thus, the Federal Circuit has exclusive jurisdiction over this appeal because the "patent-law claim appears on the face of the [Wesley's] well-pleaded complaint." *See Holmes*, 535 U.S. at 834.

Because this court does not have jurisdiction, we must decide whether to transfer the case to the Federal Circuit or to dismiss it for lack of jurisdiction. The relevant transfer statute directs that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]" 28 U.S.C. § 1631. Many courts have read § 1631 as creating a presumption in favor of transfer,

especially when the appealing party had "some arguable basis" for thinking that it appealed to the proper court. *See Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009). Wesley had an arguable basis for thinking that this court had jurisdiction over an appeal raising no patent claims, especially in light of the dearth of precedent addressing this jurisdictional question. The parties jointly request transfer and agree that Plaintiffs had an arguable basis for bringing in this circuit an appeal that raised no patent law claims. The interests of justice thus favor transferring Plaintiffs' good-faith appeal.

Accordingly, this appeal is transferred to the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1631.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk