**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KEITH TROUT, as the proposed guardian ad litem of minor DA, minor JG1, minor JG2 and minor JG3,<br><br>      Plaintiff-Appellant,<br><br> v.<br><br>COUNTY OF MADERA, a domestic municipal corporation; et al.,<br><br>      Defendants-Appellees. | No.   22-16177<br><br>D.C. No. 4:21-cv-06061-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 4, 2023
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and EZRA,** District Judge.

Keith Trout appeals from the district court's judgment dismissing his action

for improper venue and from its order denying his request to amend the judgment

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

and transfer this case to the Eastern District of California. He does not challenge the district court's conclusion that venue was improper in the Northern District of California. We review for abuse of discretion a district court's determination of whether to dismiss or transfer a case for improper venue under 28 U.S.C. § 1406(a), *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986), as well as its decision to deny a motion to amend the judgment under Federal Rule of Civil Procedure 59(e), *Connell v. Lima Corp.*, 988 F.3d 1089, 1096 (9th Cir. 2021). Because the parties are familiar with the facts and procedural history, we do not recite them here. We affirm.

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While we take "a broad view of when transfer is appropriate," *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015), we have affirmed the dismissal of cases under § 1406(a) when the plaintiff has opposed transfer to a proper district, *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 588 (9th Cir. 1991) (per curiam), or has "sought to avoid [the proper district] through blatant forum shopping," *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983).

2

Here, the district court did not abuse its discretion in determining that transfer was not in the interest of justice. Trout knew that his tort claims against certain defendants might be barred by the statute of limitations if his action in the Northern District were dismissed and he had to refile in another district.[1] For several months prior to the dismissal, Trout was aware that there were substantial challenges to the propriety of venue in the Northern District, and he received ample notice of defendants' intention to move to dismiss based on improper venue. Nevertheless, Trout's opposition to defendants' motions to dismiss or transfer the amended complaint still did not argue that it would be in the interest of justice to transfer the case if the district court found that venue was lacking. Indeed, Trout argued against transfer to the Eastern District in opposing the defendants' alternative 28 U.S.C. § 1404(a) motion,[2] asserting that such a transfer would not be in the interest of justice because of docket congestion.

Even assuming the district court had a duty to consider transfer pursuant to 28 U.S.C. § 1406(a) before dismissing this case, the court fulfilled the duty under § 1406(a) in its consideration of Trout's Rule 59(e) motion to amend the judgment. The court determined that transfer would not be in the interest of justice because

---

[1] Our decision does not depend on whether any claims are time-barred, and we do not reach that issue.

[2] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division" where venue is proper. 28 U.S.C. § 1404(a).

Trout had engaged in "blatant forum shopping" to avoid the Eastern District and had previously argued against transfer to that district. Although the district court's interest-of-justice analysis occurred in the context of its ruling on Trout's Rule 59(e) motion, the court cited and applied the correct legal standard under § 1406(a), and its determination is supported by the record and the proceedings in this case. Accordingly, the district court did not abuse its discretion by dismissing this case for improper venue or by denying Trout's motion to amend the judgment.

**AFFIRMED.**